UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GWENDOLYN BROWN, | ) | |
|---|---|---|
| *Plaintiff,* | ) | Case No. 3:18-cv-506 |
| v. | ) | Judge Curtis L. Collier |
| GENWORTH LIFE & ANNUITY INSURANCE COMPANY, | ) | |
| *Defendant.* | ) | |

# **M E M O R A N D U M**

Before the Court are three motions to strike by Plaintiff. (Docs. 62, 65, 80.) The first motion seeks to strike portions of Defendant's reply brief in support of its motion for summary judgment. (Doc. 62.) Specifically, Plaintiff asks the Court to strike (1) Defendant's arguments pertaining to Tennessee Code Annotated § 56-7-2303(a) (the "Insurance Lapse Provision"), (2) the supplemental declaration of Soronya Hudson and Defendant's arguments in reliance on the supplemental declaration, and (3) Defendant's arguments regarding the sufficiency of Plaintiff's complaint. (Doc. 63.) The second motion seeks to strike these same arguments and evidence from Defendant's response to Plaintiff's supplemental brief in opposition to the motion for summary judgment. (Doc. 65.) Because the issues raised in Plaintiff's motions to strike were identical, the Court consolidated the briefing on them. (Doc. 66.) Defendant filed a response in opposition to both motions (Doc. 73), and Plaintiff filed a reply (Doc. 77).

Plaintiff then filed a third motion to strike. (Doc. 80.) Plaintiff seeks to strike the same arguments and evidence at issue in the other two motions from Defendant's brief in response to Plaintiff's sur-reply brief in opposition to summary judgment. (*Id.*) Defendant has filed a

response (Doc. 83), and Plaintiff has filed a reply (Doc. 84). The Court will consider all three motions to strike together.

## I. APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(f), a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" that is contained in the pleadings. Fed. R. Civ. P. 12(f); *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) (explaining Rule 12(f) only authorizes courts to strike material contained in the pleadings). Rule 7(a) defines "pleadings" as "a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).

Courts may also strike documents filed in violation of local rules. *See, e.g., Setzer v. First Choice Lending Servs., LLC.*, No. 18-5192, 2018 WL 7500477, at *2 (6th Cir. Sept. 10, 2018) (holding that "the district court did not abuse its discretion when it struck the motion for violating Rule 7.1(d)"); *Loggins v. Franklin Cty.*, 218 F. App'x 466, 478 (6th Cir. 2007) (finding district court did not abuse its discretion in striking documents that were filed beyond the deadline provided in the local rules). In addition, courts have discretion to strike documents or portions of documents as part of their inherent power to control their dockets. *See Cincinnati Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 377 F. Supp. 3d 859, 864 (S.D. Ohio 2019).

## II. DISCUSSION

Plaintiff has moved to strike portions of Defendant's summary judgment reply brief, Defendant's response to Plaintiff's supplemental brief in opposition to summary judgment, and Defendant's response to Plaintiff's sur-reply brief in opposition to summary judgment. (Docs. 62, 65, 80.) In all three motions, Plaintiff seeks to strike (1) Defendant's arguments pertaining to the

Insurance Lapse Provision, including that the issue is time-barred, (2) the supplemental declaration of Soronya Hudson (Doc. 28-1) and Defendant's arguments in reliance on the supplemental declaration, and (3) Defendant's purported attack on the sufficiency of Plaintiff's complaint. (*Id.*)

Plaintiff raises several arguments in support of her motions to strike. The Court will address each in turn.

### A. Request to Strike All New Arguments and Evidence

Plaintiff first argues the above arguments and evidence should be stricken to avoid substantial prejudice to her. (Doc. 63.) Plaintiff asserts she will be severely prejudiced if the Court denies her motion to reconsider her separate motion to alter or amend her summary judgment response and does not strike the new arguments and evidence from Defendant's briefs. (*Id.*) Defendant contends this argument is now moot because the Court granted Plaintiff's motion to reconsider and accepted her proposed amended summary judgment response. (Doc. 73.) The Court agrees this argument is moot in light of the Court's acceptance of Plaintiff's proposed amended summary judgment response as a sur-reply brief (*see* Doc. 68), and thus it need not evaluate this argument further.

### B. Request to Strike Attack on Sufficiency of Complaint

Next, Plaintiff contends Defendant's arguments regarding the sufficiency of her complaint should be stricken because Defendant's failure to file a timely motion to dismiss left the pleadings uncontested. (Doc. 63.) As a result, Plaintiff asserts she is permitted to argue any theory of breach of contract, and thus Defendant's arguments concerning issues with her complaint, namely that she failed to specify claims of vicarious liability in her complaint and raised a new theory of liability in her response brief, are untimely and irrelevant. (*Id.*) Accordingly, Plaintiff requests the Court strike the arguments from Defendant's briefs. (*Id.*)

3

Defendant contends its arguments regarding the claims in Plaintiff's response brief are not an attempt to attack the sufficiency of her complaint, but rather are challenging her ability to assert new claims, including a failure-to-procure claim and vicarious-liability claims, in a summary judgment response brief. (Doc. 73.) Thus, Defendant contends its arguments regarding the claims are relevant and should not be stricken. (*Id.*)

Even if the Court assumes Defendant's arguments regarding the failure-to-procure and vicarious-liability claims are an attack on the sufficiency of Plaintiff's complaint, Plaintiff has not provided sufficient support for striking the arguments from Defendant's briefs.

"A motion to strike is generally disfavored, because it is such a 'drastic remedy.'" *Bouchard v. Am. Home Prods. Corp.*, No. 3:998 CV 7541, 2002 WL 32597993, at *1 (S.D. Ohio July 8, 2002) (quoting *Resolution Trust Corp. v. Vanderweele*, 833 F. Supp. 1383, 1387 (N.D. Ind. 1993)).

Plaintiff's motions do not involve the pleadings or alleged violations of the local rules. Instead, Plaintiff is asking the Court to strike Defendant's arguments because they constitute an irrelevant and untimely attack on the sufficiency of her complaint. The case Plaintiff cites in support, *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003), does not suggest such arguments should be stricken, but rather that "[t]he question of whether the pleadings were fatally insufficient" is not applicable at the summary judgment stage, and thus will not be considered. *See* 330 F.3d at 852. Because the Court can similarly address the relevance of Defendant's arguments when ruling on Defendant's motion for summary judgment, the Court finds no reason to strike the arguments from Defendant's briefs.

In addition, Plaintiff has been afforded the opportunity to respond to these arguments, and thus the Court has ample briefing to address the issue when resolving the motion for summary

4

judgment. Accordingly, the Court will not strike Defendant's arguments regarding the failure-to-procure claim and vicarious-liability claims raised in Plaintiff's response brief in opposition to summary judgment.

### C. Request to Strike Arguments on the Insurance Lapse Provision

Plaintiff argues Defendant's discussion of the Insurance Lapse Provision should be stricken because Defendant was required to demonstrate compliance with the statutory provision in its motion for summary judgment, and cannot cure the deficiency in its reply brief in support of summary judgment. (Doc. 63.)

Defendant contends it was permitted to raise the arguments regarding the Insurance Lapse Provision in its reply brief because the arguments were made in response to Plaintiff's statutory argument and were based only on the undisputed facts in the record. (Doc. 73.) In addition, Defendant argues Plaintiff failed to file her lawsuit within the time limits set forth in the statute, and thus Defendant had no initial burden to demonstrate compliance with the Insurance Lapse Provision. (*Id.*)

Under the Insurance Lapse Provision, "[n]o insurance company doing business in this state shall declare any life insurance policy or any noncancellable or guaranteed renewable accident and health insurance policy owned by a resident of this state forfeited or lapsed within six (6) months after default in payment of any premium, installment or interest," unless prior notice is provided to the policy owner, subject to certain exceptions. Tenn. Code Ann. § 56-7-2303(a), (c)–(d).

A review of Defendant's initial brief in support of summary judgment reveals no explicit discussion of the Insurance Lapse Provision, but Defendant does discuss sending notices to Mr. Qualls, the policy owner, prior to declaring his policy lapsed. (*See* Doc. 18 at 3.)

5

In addition, the Court has afforded Plaintiff an opportunity to respond to the new arguments in Defendant's reply brief regarding the Insurance Lapse Provision. Plaintiff does not offer any case law to support her contention that the Court must strike new arguments raised in a reply brief when a non-movant was permitted to respond to them and the new arguments are based primarily on facts already in the record. Instead, courts have consistently recognized that a district court may rely on new arguments raised in the reply brief if the non-movant is provided an opportunity to respond to them. *See, e.g., Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 482 (6th Cir. 2003) (requiring district court to provide the plaintiff an opportunity to respond to new arguments and evidence raised in the defendant's reply brief before the court can rely on them); *Hardy Oil Co., Inc. v. Nationwide Agribusiness Ins. Co.*, 587 F. App'x 238, 239 (6th Cir. 2014) (explaining a district court must allow an opportunity to respond to new arguments in the reply brief, particularly when the district court relies on the new arguments and evidence).

Because Plaintiff has not demonstrated that the Court is precluded from considering Defendant's arguments regarding the Insurance Lapse Provision, the Court finds no reason to strike them.

**D. Request to Strike Soronya Hudson's Supplemental Declaration**

Finally, Plaintiff contends Soronya Hudson's supplemental declaration and Defendant's arguments in reliance on the supplemental declaration should be stricken. (Doc. 63.) Plaintiff argues she would be prejudiced by the Court's consideration of the supplemental declaration because it was filed after the discovery deadline, and thus Plaintiff cannot depose Ms. Hudson on the new factual allegations included in the supplemental declaration. (*Id.* at 10.) In addition, Plaintiff objects to Ms. Hudson's statement that Mr. Qualls's reinstatement application was incomplete. (*Id.* at 9.) Plaintiff asserts the supplemental declaration fails to demonstrate Ms.

6

Hudson is qualified to give such an opinion or explain how she formed that opinion. (*Id.*) Finally, Plaintiff objects to the statements in the supplemental declaration that notices were mailed to Mr. Qualls because she asserts there is no evidence Ms. Hudson has personal knowledge that notices were mailed or personal knowledge of Defendant's general mailing procedures. (*Id.*) As a result of these deficiencies and the prejudice to Plaintiff by the late inclusion of the supplemental declaration, Plaintiff asks the Court to strike the supplemental declaration and arguments made in reliance on it. (*Id.*)

Defendant contends Plaintiff's argument is moot because Plaintiff has been permitted an opportunity to respond to Ms. Hudson's supplemental declaration. (Doc. 73.) Even if the argument were still ripe, Defendant asserts Ms. Hudson has the requisite personal knowledge to support her supplemental declaration, as she stated in both of her declarations, and Plaintiff has failed to substantiate her objections or identify which provisions should be stricken. (*Id.*) Finally, Defendant contends Plaintiff has been aware of the contents of Ms. Hudson's supplemental declaration since the inception of the case and could have deposed Ms. Hudson at any time prior to the close of discovery. (*Id.*) Thus, Defendant argues Plaintiff will not be prejudiced by the Court's consideration of the supplemental declaration and it should not be stricken. (*Id.*)

Under Rule 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." A failure to satisfy these requirements can result in the striking of the affidavit or declaration, or portions thereof. *See Collazos-Cruz v. United States*, 117 F.3d 1420 (Table), 1997 WL 377037, at *2 (6th Cir. 1997) (citing *Noblett v. Gen. Elec. Credit Corp.*, 400 F.2d 442, 445 (10th Cir.), *cert. denied*, 393 U.S. 935 (1968)). In seeking to strike a declaration, it is the movant's obligation to specify which

7

statements or portions of the declaration should be stricken and provide authority to support its motion. *See Wilson v. Budco*, 762 F. Supp. 2d 1047, 1058 (E.D. Mich. 2011); *Ernst Seidelman Corp. v. Mollison*, 10 F.R.D. 426, 428 (S.D. Ohio 1950) ("The Court cannot and should not be expected to go through the . . . affidavit with a fine-tooth comb and pick out the certain portions which defendants . . . feel should be stricken.") (internal quotations omitted).

Here, Plaintiff has requested the Court strike the supplemental declaration due to potential prejudice, and has objected to specific statements in the supplemental declaration regarding the incompleteness of the reinstatement application and the mailing of notices to Mr. Qualls. The Court will first address Plaintiff's request to strike the entire supplemental declaration before turning to Plaintiff's objections to specific provisions in the supplemental declaration.

### 1. Request to Strike Supplemental Declaration

Plaintiff argues she would be prejudiced if the Court were to consider the supplemental declaration in resolving the motion for summary judgment because the supplemental declaration was filed after the deadline for discovery passed, and thus Plaintiff cannot depose Ms. Hudson on the new factual allegations in the supplemental declaration. (Doc. 63.) However, the record demonstrates any prejudice resulting from the delay was due to Plaintiff's late-filed response brief, and Plaintiff had an opportunity to depose Ms. Hudson on the new information contained in the supplemental declaration prior to the close of discovery.

Defendant's motion for summary judgment and Ms. Hudson's initial declaration in support of the motion were filed on November 22, 2019. (Docs. 17, 19.) Under the Local Rules of this Court, Plaintiff's response was due on December 13, 2019. *See* E.D. Tenn. L.R. 7.1(a). If Plaintiff had filed her response to the motion for summary judgment on time, then Defendant's reply brief with Ms. Hudson's supplemental declaration would have been due on or before December 20,

8

2019. *See id.* That would have been three weeks prior to the January 13, 2020, close of discovery. (*See* Doc. 13 ¶ 5(f).) However, Plaintiff was late in filing her response to Defendant's motion for summary judgment. (*See* Doc. 25.) As a result, Defendant's timely reply brief with Ms. Hudson's supplemental declaration was not filed until January 28, 2020, after the discovery deadline had passed.

In addition, the new paragraphs included in the supplemental declaration provide details on Ms. Hudson's relationship to Defendant and to the instant matter, namely that Ms. Hudson worked as a claims specialist and evaluated Plaintiff's claim for recovery under Mr. Qualls's policy. (*See* Doc. 28-1 ¶¶ 1–4.) Plaintiff has not offered any evidence to suggest she was unaware of this information prior to the close of discovery, and in fact the record suggests the contrary. (*See* Doc. 73-1 at 2 (identifying Ms. Hudson as a claims specialist in Defendant's response to Plaintiff's first set of interrogatories); 51-2 at 5 (letter from Plaintiff's counsel addressed to Ms. Hudson explaining that documents were being returned in an effort to secure the proceeds from Mr. Qualls's policy).

Thus, Plaintiff had the opportunity to depose Ms. Hudson regarding her connection to this case prior to the discovery deadline, and any prejudice that might result from the Court's considering the supplemental declaration was caused by Plaintiff's delay in filing her summary judgment response. Accordingly, the Court finds no reason to strike Ms. Hudson's supplemental declaration on the grounds of potential prejudice to Plaintiff.

### 2. Objection to Statement on Reinstatement Application

In Ms. Hudson's supplemental declaration, she states "[b]efore his death, Mr. Qualls never submitted a complete application for the reinstatement of Policy No. J129083." (Doc. 28-1 ¶ 13.) Plaintiff objects to this statement, arguing the supplemental declaration fails to demonstrate Ms.

9

Hudson was qualified to give an opinion that the reinstatement application was incomplete or what evidence and facts she relied on in reaching that opinion. (Doc. 63 at 9.) In its response, Defendant does not directly address Plaintiff's objections, but contends Ms. Hudson has satisfied the requirements for personal knowledge. (Doc. 73 at 13–14.)

Generally, "[a]ffidavits composed of hearsay and opinion evidence do not satisfy [Rule 56(c)(4)] and must be disregarded." *State Mut. Life Assurance Co. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979). While there is a modern trend towards allowing admission of lay witness opinion testimony, such evidentiary admissions require the testimony to be "well founded on personal knowledge and susceptible to specific cross-examination." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 846 (6th Cir. 2015) (citing Fed. R. Evid. 701; *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010) (internal citations and quotation marks omitted)).

Here, Ms. Hudson's statement calls for her opinion regarding the completeness of Mr. Qualls's application for reinstatement. It appears Ms. Hudson's statement is based on her review of Mr. Qualls's application for reinstatement conducted in evaluating Plaintiff's claim for proceeds. (*See* Doc. 28-1 ¶ 4.) While personal knowledge can be obtained by reviewing business records, *see United States v. Nugent*, No. 5:16-cv-380-JMH, 2017 WL 4249775, at *4 (E.D. Ky. Sept. 25, 2017) (collecting cases), Defendant has not provided any evidence that the reinstatement application meets the requirements to satisfy the business records exception. *See Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (explaining hearsay evidence cannot be considered on summary judgment). Further, Ms. Hudson's supplemental declaration was provided as an attachment to Defendant's reply brief in support of summary judgment, and thus her opinion on

10

the completeness of the reinstatement application was not susceptible to cross-examination. As a result, the Court must disregard her opinion. *See State Mut. Life Assurance Co.*, 612 F.2d at 264.

Because Ms. Hudson's statement in the supplemental declaration does not satisfy Rule 56(c)(4), the Court may also strike the statement from the document. *See Collazos-Cruz*, 1997 WL 377037, at *2. However, striking portions of an affidavit or declaration is a drastic remedy. Plaintiff has not explained why the Court must strike a statement from a declaration when it will disregard the statement in evaluating the motion for summary judgment, nor does the Court find any reason to do so. *See State Mut. Life Assurance Co.*, 612 F.2d at 264 (disregarding, but not striking, opinion testimony when evaluating a motion for summary judgment); *see also N. Am. Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir. 1997) (disregarding, but not striking, testimony in affidavit attached to a motion for summary judgment that contained inadmissible hearsay). Accordingly, the Court will deny Plaintiff's request to strike it from the supplemental declaration.

Plaintiff has also asked the Court to strike any arguments made in reliance on Ms. Hudson's supplemental declaration. However, Plaintiff has not identified where Defendant specifically relies on paragraph thirteen, nor has Plaintiff offered any authority in support of her request to strike such arguments from Defendant's briefs. It is not the Court's responsibility to scrutinize each brief to find where Defendant has relied on paragraph thirteen and to determine whether those arguments should be stricken. *See Wilson*, 762 F. Supp. 2d at 1058. Thus, the Court will also deny Plaintiff's request to strike Defendant's arguments in reliance on paragraph thirteen.

### 3. Objection to Statements on Mailing of Notices

Plaintiff has also objected to Ms. Hudson's statements on whether Defendant mailed Mr. Qualls notices regarding his policy prior to declaring his policy lapsed. (Doc. 63 at 9.) Plaintiff

11

contends the supplemental declaration fails to provide any basis for Ms. Hudson's knowledge that the notices were mailed and thus should be stricken. (*Id.*) Defendant's response does not directly address this objection, but states Ms. Hudson has satisfied the requirements for personal knowledge. (Doc. 73 at 13–14.)

Ms. Hudson's supplemental declaration states Defendant sent Mr. Qualls a quarterly Premium Notice on March 28, 2016, a Past Due Notice on May 11, 2016, a Final Notice on May 27, 2016, and a letter on June 27, 2016, confirming his policy had lapsed. (Doc. 28-1 ¶¶ 8–11.) However, the supplemental declaration does not indicate Ms. Hudson personally sent the notices to Mr. Qualls nor does it explicitly state how she determined such notices were sent. Given her statement that "[a] copy of each notice provided to Mr. Qualls relating to the payment of insurance premium due on April 26, 2016 is attached collectively as Exhibit B" (Doc. 28-1 ¶ 12), it appears Ms. Hudson's statements that the notices were mailed are based on her review of the copies of the notices. Defendant has again failed to provide any evidence the notices meet the requirements under the business records exception, or any other hearsay exception. *See Wiley*, 20 F.3d at 226. As a result, the supplemental declaration fails to demonstrate Ms. Hudson has personal knowledge to testify on whether the notices were actually sent to Mr. Qualls.

Because Ms. Hudson's statements on whether the notices were mailed to Mr. Qualls do not satisfy the requirements under Rule 56(c)(4), the Court will disregard those statements. However, Plaintiff has not offered any reason why the Court must also strike the statements from the supplemental declaration. *See Berry v. Frank's Auto Body Carstar, Inc.*, 817 F. Supp. 2d 1037, 1041–42 (S.D. Ohio 2011) (explaining that because motions to strike are disfavored "a Court should ignore inadmissible evidence instead of striking it from the record"); *Nelms v. Wellington Way Apartments, LLC*, Case No. 2:08-cv-1038, 2010 WL 11489123, at *3 (S.D. Ohio Nov. 8,

12

2010) (same) (collecting cases). Accordingly, the Court will deny Plaintiff's motion to strike the portions of Ms. Hudson's supplemental declaration that assert notices were sent to Mr. Qualls.

Plaintiff has also moved to strike Defendant's arguments in reliance on the supplemental declaration, (Docs. 65, 80), but again fails to specify which portions of Defendant's responses rely on Ms. Hudson's statements regarding the mailing of notices to Mr. Qualls. It is the responsibility of the parties to support their arguments, not the Court. *See Wilson*, 762 F. Supp. 2d at 1058. Thus, the Court will deny Plaintiff's motion to strike Defendant's arguments in reliance on the above paragraphs of Ms. Hudson's supplemental declaration.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motions to strike (Docs. 62, 65, 80) will be **DENIED.**

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**